# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Plaintiff: Roland Cadiz
v.
Defendant: Doral Toyota Inc.

FILED BY _____ D.C.

FEB 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# COMPLAINT AND JURY DEMAND

## JURISDICTION AND VENUE

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Venue is proper in the Southern District of Florida because the unlawful employment practices alleged herein occurred in Miami-Dade County, Florida, where Defendant conducts business.

## PARTIES

Plaintiff is an adult resident of Miami-Dade County, Florida, and was employed by Defendant as a Warranty Cancellations Clerk. Defendant, Doral Toyota Inc., is an employer doing business in Miami-Dade County, Florida, and was Plaintiff's employer within the meaning of Title VII.

## STATEMENT OF FACTS

Plaintiff began employment handling warranty and GAP cancellations after assuming duties from a prior employee who had been terminated. Plaintiff was later selected to cover additional responsibilities for a coworker on maternity leave from July through September 2024 and performed these duties satisfactorily. In 2025, Plaintiff was approached regarding promotion to Accounts Payable. Plaintiff recommended another candidate first; however, after that candidate declined due to vetting delays, Plaintiff was selected and began training in April 2025. During this period, Plaintiff's prior workload accumulated due to lack of replacement staffing. Plaintiff also objected to a newly reinforced uniform policy requiring employees to purchase uniforms, which had not previously been enforced during Plaintiff's tenure. Following these events, Plaintiff experienced heightened scrutiny, criticism of work speed, and disciplinary tone from management.

On May 8, 2025, Plaintiff's employment was terminated, with the stated reason being backlog in cancellations despite Plaintiff's reassignment and training obligations. Plaintiff is openly gay, was the only male employee in the accounting office, and also had caregiving responsibilities for a disabled parent, which had been disclosed to management.

Following termination, the Defendant withheld Plaintiff's personal belongings, including a personal flash drive that contained personal documents and work-related warranty files, which were subsequently deleted by the company's IT provider. On May 13th, 15th, and 19th, Plaintiff contacted General

Manager **Rene** to retrieve personal property. These communications, which demonstrate Plaintiff's good-faith attempts to recover belongings, are included as **Exhibit A**.

Subsequent to termination, **Sandi J. Runkles**, Controller, sent Plaintiff an email regarding the personal flash drive. This communication documents the company's post-termination control of Plaintiff's property and is included as **Exhibit B**.

Prior to filing this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a **Right to Sue letter**, which authorizes the present action and is attached as **Exhibit C**.

Together, these exhibits establish a factual timeline of the events leading to Plaintiff's termination, including discriminatory and retaliatory actions and the withholding of personal property, supporting the claims set forth in this Complaint.

## CLAIMS FOR RELIEF

COUNT I – DISCRIMINATION (SEX / SEXUAL ORIENTATION) Plaintiff realleges prior paragraphs and asserts discrimination based on sex and sexual orientation in violation of Title VII.

COUNT II – RETALIATION Plaintiff engaged in protected activity by opposing workplace policies and practices believed to be unlawful or unfair and suffered termination shortly thereafter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests: 1. Back pay and lost wages; 2. Compensatory damages; 3. Emotional distress damages; 4. Costs and allowable fees; 5. Any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted, _____ Roland Cadiz | 10330 NW 5th Terr. Miami, FL 33172 | (786) 587-7133 | RolandCadiz09@gmail.com | Pro Se Plaintiff

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/19/2025

**To:** Roland Cadiz
10330 NW 5th Ter
Miami, FL 33172
Charge No: 510-2025-13027

EEOC Representative and email:     CHRISTOPHER GRIFFIN
INVESTIGATOR
CHRISTOPHER.GRIFFIN@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2025-13027.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
11/19/2025
Evangeline Hawthorne
Director

**Cc:**
NA NA
9775 NORTHWEST 12TH STREET
DORAL, FL 33172

Patricia LAWRENCE
Doral Toyota INC
9775 NORTHWEST 12TH STREET
Doral, FL 33172


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal.** You should **keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 510-2025-13027 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2025-13027 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- **Only one** major life activity need be substantially limited.

- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (05/25)

**are not considered** in determining if the impairment substantially limits a major life activity.

☐ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

☐ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

☐ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

☐ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

☐ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 11/19/2025

**To:** Roland Cadiz
10330 NW 5th Ter
Miami, FL 33172
Charge No: 510-2025-13027

## Exhibit A – EEOC Right to Sue Letter

EEOC Representative and email:   CHRISTOPHER GRIFFIN
INVESTIGATOR
CHRISTOPHER.GRIFFIN@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2025-13027.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
11/19/2025
Evangeline Hawthorne
Director

Cc:
NA NA
9775 NORTHWEST 12TH STREET
DORAL, FL 33172

Patricia LAWRENCE
Doral Toyota INC
9775 NORTHWEST 12TH STREET
Doral, FL 33172

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 510-2025-13027 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2025-13027 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- **Only one** major life activity need be substantially limited.

- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

Enclosure with EEOC Notice of Closure and Rights (05/25)

**are not considered** in determining if the impairment substantially limits a major life activity.

- ☐ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ☐ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ☐ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ☐ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ☐ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

8:59

**RD**

Rene

Hey Rene, it's Roland.

When I left with most of my belongings, since it is a small item, I didn't realize that my flash drive was not within the items retrieved for me when I left the dealership.

It contains vital information that is sensitive and it would need to be returned to me as soon as possible. I have contacts Susy at the accounting office yesterday and they confirmed they will look for it, and have tried calling her today to inquire about results about the search.

Other missing items include posters I had taped to the wall behind the monitor, a black 0.5 needlepoint TUL pen, a black 0.5 needlepoint Sharpie pen, and 2 (two) 0.5 mechanical graphite pencils which were all kept at my former workstation.

Please let me know when it is possible to recover these items.

+

8:59

RD

**Rene**

I understand these items were recovered for me due to an accounting office policy that the office is for employees only, however I should have been escorted in with an employee to collect my things to ensure this did not happen.

It is imperative I recover these items as soon as possible, therefore your cooperation is appreciated.

Hi, Rene! Has there been any headway into when my thumb drive will be released for me to pick it up?

If all of my things have been recovered when I was let go last Thursday May 8th, 2025, that means the thumb drive was in the company's possession for an entire week now.

The documents within that thumb drive are essential to my recuperation given the loss I experienced last week. Please

+              essage

8:59

< **1**          **RD**          ⬜◁

**Rene**

exper             week. Please
advise if I may pick it up
tomorrow at the earliest, or an
exact date as to when it will be
ready to be picked up.

They have to print all the claims
that are on there and separate
the business from your
personal docs .

There working on it

I understand, can I get a date as
to when I can pick it up?
Printing out the claims
shouldn't be a hassle that
requires more than 10 minutes.

Reach out to sandi at

If you want an exact date. But
I'll work on it tomorrow if you
want and get it as fast as I can

I have the rest of your stuff , I
was just waiting for the drive to
     it to

+

8:59 🔕      •   🛜

< **1**       **RD**      🎥

**Rene**

give it to you in one shot

I was thinking the same thing. That would be ideal since I can't uber anymore.

Ok, I will if I need to. Thanks for the information. I'd rather work with you directly on this since I feel like I can count on you being more honest than Sandi at any rate.

Hey Rene, any news about my flash drive?

I'm off today was my weekend off will find out tomorrow

Ok, understood!

Hi Rene, any news about my flash drive?

+

8:59

RD

Rene

Ok, I will if I need to. Thanks for the information. I'd rather work with you directly on this since I feel like I can count on you being more honest than Sandi at any rate.

Hey Rene, any news about my flash drive?

I'm off today was my weekend off will find out tomorrow

Ok, understood!

Hi Rene, any news about my flash drive?

Call sandy and Tricia directly

and

+

Exhibit C – Sandi's email regarding personal flash drive

Roland Cadiz
Re: Request for Immediate Return of Withheld Personal Property
May 21, 2025 at 7:45:22 PM
Sandi Runkles

Thank you for your response and for confirming that my personal items are being returned.

I appreciate your commitment to mailing the envelope via FedEx. Regarding the flash drive, I understand your concern, but I would like to receive a specific timeline for its return. As this device contains personal data in addition to work files, I would appreciate prompt action to return it without further delay.

Please confirm when the flash drive has been cleared and is ready to be returned.

Sincerely,
Roland Cadiz

On May 21, 2025, at 5:12 PM, Sandi Runkles <sandi5941@yahoo.com> wrote:

Roland,

First and foremost, this is the first time you have reached out to me concerning your things. I have no knowledge of what you have been told to date.

Let me be clear so there are no misunderstandings. The list of articles you gave to the General Manager, Rene DeMoya, is all accounted for. He was

given that information to pass on to you the same day you gave him the list of missing articles.

I told Rene we would put them in a manila envelope for safe keeping. The one article that is a problem is the zip drive. You stated it was yours personally,

yet you have our customer information for cancellations and such on it. You were told NOT to use a personal zip , you chose to ignore that and use it. By doing so,  you actually

created this delay. The manila envelope will be sent Federal Express to you tomorrow. Once the IT people scrub the zip drive it will be returned to you as well.

Best Wishes,

*Sandi Runkles*
*Comptroller*
*Doral Toyota*
*305-261-2181 ext 30502*

On Wednesday, May 21, 2025 at 04:21:36 PM EDT, Roland Cadiz <rolandcadiz09@gmail.com> wrote:

Dear Sandi,

I am writing to formally request the immediate return of my personal property currently in the possession of Doral Toyota. As of tomorrow, Thursday, May 22, 2025, it will have been two weeks since my termination and the withholding of certain personal items that were in my workspace at the time of my departure.

Despite my repeated good faith efforts to coordinate with dealership personnel, my personal belongings—including, but not limited to, a flash drive containing private, non-company-related files, as well as personal writing instruments and decorative posters—remain unrecovered. While I understand the company's stated intention to review the contents of the flash drive to separate any work-related material, I must emphasize that the drive is personal property and should have been returned within a reasonable timeframe.

The continued delay in returning my property is not only unreasonable but may also be construed as retaliatory. I am making this final good faith request

for the immediate return of all personal belongings, including the flash drive, no later than Friday, May 24, 2025.

Please consider this letter a formal record of my request. I sincerely hope this matter can be resolved amicably and without the need for further escalation.

Thank you for your prompt attention to this matter.

Sincerely,

Roland Cadiz